RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 8/28/14
BY bm

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| KIMBERLY GONZALEZ, ET AL. | CIVIL ACTION NO. 13-3005 |
| versus | JUDGE TOM STAGG |
| GUY COOPER, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the court is a motion to dismiss or, alternatively, for a more definitive statement filed by Guy Cooper ("Cooper"), Academic Recovery Ombudsman, Inc. ("Academic Recovery"), Ombudsman Educational Services, Ltd. ("Ombudsman"), Sue Fila ("Fila"), Educational Services of America ("Educational Services"), and Mark Claypool ("Claypool") (collectively "the defendants"). See Record Document 9. For the reasons set forth below, the defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**, and the defendants' alternative motion for a more definitive statement is **GRANTED**.

## I. BACKGROUND

Kimberly Gonzalez ("Gonzalez"), Sylenda Dixon ("Dixon"), and Renee Caldwell ("Caldwell") (collectively "the plaintiffs") filed the instant lawsuit pro se on November 6, 2013. See Record Document 1. The plaintiffs allege that Gonzalez

and Dixon worked at Academic Recovery, an alternative school in Shreveport, from August 6, 2012, to some unknown time when they resigned. See id. at ¶¶ III-IV. The complaint specifically states that Gonzalez and Dixon "were subjected to a hostile work environment, racial discrimination, cruel and unusual punishment, and emotional distress" by Cooper. Id. at ¶ III. Moreover, the plaintiffs claim that Cooper told Gonzalez and Dixon "that he was God; their God, Buddha, Allah, and everything they worship," and that he threatened to have them fired and seek to revoke their teaching licenses if they did not immediately resign, which they did. Id. at ¶ IV.

As for Caldwell, the plaintiffs claim that she began working at Academic Recovery in December 2012, and that "she noticed improper documentation of grades and other illicit practices as did plaintiffs Gonzalez and Dixon." Id. at ¶ IV. The plaintiffs further allege that Caldwell discovered various problems, errors, illicit practices, and unethical and unlawful tactics, which Cooper and others tried to blame on her. The plaintiffs contend that Caldwell was wrongfully terminated as a whistleblower in April 2013. See id. at ¶ IV. Additionally, the plaintiffs argue that Cooper ordered them and other employees to commit criminal acts, such as altering student grades and forging documents, and that he defrauded both the state and federal governments. See id. at ¶ V. Though the complaint touches on a number of

2

claims and rights, including the Eighth and Fourteenth Amendments, the plaintiffs specifically set out causes of action under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act, alleging that Cooper discriminated against and harassed them because they were women, in particular minority women. See id. at ¶¶ VI-VII.

After the complaint was filed, summons were issued as to Educational Services, Ombudsman, and Fila, but not the remaining defendants. See Record Document 2. The plaintiffs subsequently obtained counsel, who filed a motion to enroll and for an extension of time to effect service on all defendants.[1] The court granted both motions, giving the plaintiffs a fifteen day extension to effect service. See Record Documents 3 and 4. The plaintiffs thereafter filed a second motion for an extension to effect service, seeking another fifteen day extension. See Record Document 5. The court granted this motion and ordered the plaintiffs to effect service on all defendants by no later than April 5, 2014, or be subject to dismissal. See Record Document 6.

The defendants filed the instant motion seeking to dismiss the plaintiffs' complaint on a number of grounds. Specifically, the defendants contend that the

---

[1] The court notes that the plaintiffs' motion for an extension was filed on March 6, 2014, 120 days after the lawsuit was filed and the last day to effect service or be subject to dismissal under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(m).

complaint fails to state a claim upon which relief may be granted and does not present a short and plain statement of the claims presented. See Record Document 9. Additionally, the defendants argue that the court lacks personal jurisdiction over Fila and Claypool, that Cooper, Fila, and Claypool were not properly served,[2] and that Academic Recovery is a non-existent entity. See id. In the event the court does not entirely dismiss the plaintiffs' complaint, the defendants alternatively move that the plaintiffs be required to amend their complaint to provide a more definitive statement of the claims being asserted. See id.

Following the filing of the instant motion, the plaintiffs filed four summonses into the record, purporting to show that Educational Services, Ombudsman, Academic Recovery, and Cooper were all served by no later than April 4, 2014. See Record Documents 13-16. The plaintiffs also opposed the defendants' motion to dismiss, voluntarily dismissing their claims against Fila, Claypool, and "any non-existing entity" but reserving their claims against Ombudsman, Educational Services, and Cooper. See Record Document 17. The defendants filed a reply brief. See Record Document 18.

---

[2] The defendants also initially argued that Ombudsman was not properly served, but withdrew that argument in their reply brief. See Record Documents 9 and 18.

## II. LAW AND ANALYSIS

A.  Rule 12(b)(5) And Rule 4 Standards.

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made." Holly v. Metro. Transit Auth., 213 F. App'x 343, 344 (5th Cir. 2007). Federal Rule of Civil Procedure 4 sets out the requirements of service of a complaint. Specifically, Rule 4(a) requires that the summons be directed to the defendant, state the name of the court and parties, the name and address of the plaintiff's attorney, the time within which the defendant must appear, notify the defendant that failing to appear will result in a default judgment against him, be signed by the clerk, and bear the court's seal. See Fed. R. Civ. P. 4(a)(1). Rule 4 further requires that a summons must be issued for each defendant to be served. See Fed. R. Civ. P. 4(b).

B.  Rule 12(b)(6) Standard.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim for failure to state a claim upon which relief can be granted. In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleading and its attachments. See Fed. R. Civ. P. 12(b)(6); Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). A

pleading will survive a motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1973 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1940 (2009). The court must accept all of the plaintiffs' allegations as true. See Twombly, 550 U.S. at 550, 127 S. Ct. at 1962. However, the plaintiffs' pleading must contain more than a "formulaic recitation of the elements of a cause of action." Id. at 555, 127 S. Ct. at 1965. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679, 129 S. Ct. at 1950. "Pro se pleadings must be treated liberally, and dismissal under Rule 12(b)(6) is generally disfavored." Browder v. XTO Energy, Inc., No. 5:11-cv-01428, 2013 WL 956920 at *1 (W.D. La. Mar. 12, 2013). "However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir.

2002)(internal quotations omitted).

C.  **Motion To Dismiss As To Fila, Claypool, And Academic Recovery.**

In their opposition to the instant motion, the plaintiffs voluntarily dismiss all claims against Fila, Claypool, and "any non-existing entity." Record Document 17. The defendants alleged in their motion that Academic Recovery is a non-existent entity. Moreover, the plaintiffs argue in their opposition for claims against Cooper, Ombudsman, and Educational Services, but do not discuss any claims against Academic Recovery. See id. Therefore, the defendants' motion is **GRANTED** as to the plaintiffs' claims against Fila, Claypool, and Academic Recovery, and the plaintiffs' claims against these defendants are **DISMISSED WITHOUT PREJUDICE.**[3]

D.  **Motion To Dismiss As To Cooper, Ombudsman, And Educational Services.**

The defendants seek dismissal of the plaintiffs' claims against Cooper, Ombudsman, and Educational Services on the ground that the complaint fails to state a claim upon which relief may be granted. Specifically, the defendants contend that the plaintiffs cannot state a claim against them under 42 U.S.C. § 1983 because none of the defendants are state actors, and the complaint does not allege that the

---

[3] See Fed. R. Civ. P. 41(a).

defendants either acted under color of state law or conspired or acted in concert with a state actor. As for the plaintiffs' Title VII claim, the defendants argue that this claim must fail because the plaintiffs did not file a charge of discrimination with the EEOC. Additionally, the defendants argue that all claims against Cooper should be dismissed because he was not properly served. See Record Document 9. The court shall address these arguments in turn.

1.  **Section 1983 Claims.**

To state a claim under section 1983, a plaintiff must allege that the person who deprived him of a federal right was acting under color of state law. See Priester v. Lowndes County, 354 F.3d 414, 420 (5th Cir. 2004). Private actions, no matter how discriminatory or wrongful, are excluded from section 1983. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985 (1999). The plaintiffs do not allege that any of these defendants are state actors or were acting under color of state law. As the defendants point out in their motion, all of the plaintiffs' allegations are of acts committed by Cooper, a private individual. See Record Document 1. However, the plaintiffs have requested an opportunity to amend their complaint. See Record Document 17. In light of the fact that the complaint was initially filed pro se and the plaintiffs are now represented by counsel, the court finds that the plaintiffs should be permitted to amend their complaint. See Bruce v. Little, -- F. App'x --,

2014 WL 1929588 at *1 (5th Cir. May 15, 2014)("[B]efore dismissing a pro se complaint, a district court ordinarily should give the litigant an opportunity to amend."). Therefore, the defendants' motion to dismiss is **DENIED** as to the plaintiffs' claims under section 1983.

2. **Title VII Claims.**

Plaintiffs must exhaust their administrative remedies before pursuing employment discrimination claims in court. See Mack v. John L. Wortham & Son, L.P., 541 F. App'x 348, 358 (5th Cir. 2013); Price v. Choctaw Glove & Safety Co., Inc., 459 F.3d 595, 598 (5th Cir. 2006); Taylor, 296 F.3d at 378-79. A plaintiff must file charges within 180 days of the alleged unlawful conduct. See 42 U.S.C. § 2000e-5(e)(1); Price, 459 F.3d at 595. "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." Taylor, 296 F.3d at 379. Claimants then have ninety days to file a civil action after receiving their notice of right to sue. See Price, 459 F.3d at 595; Taylor, 296 F.3d at 379. Failing to exhaust administrative remedies bars a plaintiff from bringing a claim under Title VII. See 42 U.S.C. § 2000e-5(f); Mack, 541 F. App'x at 358.

There is no allegation in the plaintiffs' complaint that any of the plaintiffs filed a charge with the EEOC. The defendants contend that none of the plaintiffs have filed a charge, and the plaintiffs did not dispute this fact in their opposition. See

Record Documents 9 and 17. Any amendment of the complaint as to the Title VII claim would consequently be futile, and need not be permitted. See LaCroix v. Marshall County, Miss., 409 F. App'x 794, 802 (5th Cir. 2011). Therefore, the defendants' motion to dismiss is **GRANTED** as to the plaintiffs' claims under Title VII against Cooper, Ombudsman, and Educational Services, and the plaintiffs' Title VII claims are **DISMISSED WITH PREJUDICE.**

  3.  **Whether Cooper Was Properly Served.**

The defendants allege that service on Cooper was defective. Specifically, the defendants contend that a summons was never issued for Cooper and that, on the summons that he was served with, someone scratched through Ombudsman's name and wrote in Cooper's name. See Record Document 9, Ex. 3 at Ex. B. The plaintiffs do not contest these facts, arguing in opposition that it is undisputed that Cooper received personal service and "received due process and full notice as required by law." Record Document 17. In their reply, the defendants claim that the plaintiffs' position that receiving a copy of the complaint is sufficient is contrary to Fifth Circuit authority. See Record Document 18; McGuire v. Sigma Coatings, Inc., 48 F.3d 902, 907 (5th Cir. 1995)("Actual notice of the litigation does not satisfy the requirement of proper service of a summons under Rule 4 . . . .").

The court finds that service on Cooper was technically defective. In particular,

the summons originally was issued in the name of Ombudsman, but this name was scratched out and Cooper's name was written in. Additionally, the summons did not contain the name of the plaintiffs' attorney, even though by the time the summons was served the plaintiffs had obtained representation. See Record Document 9, Ex. 3 at Ex. B. However, aside from those two issues, the summons contained all other information required by Rule 4. See Fed. R. Civ. P. 4(a)(1); Record Document 9, Ex. 3 at Ex. B. Moreover, there is no dispute that Cooper was served with the summons and a copy of the complaint, which clearly names Cooper as a defendant. There has consequently been no prejudice to Cooper. See Aerielle Techs., Inc. v. Procare Int'l Co., No. 2:08-284, 2011 WL 767775 at *2 (E.D. Tex. Feb. 28, 2011); Browning v. Petroleum Helicopters, Inc., No.95-0241, 1995 WL 237024 at *2 (E.D. La. Apr. 21, 1995)(finding no prejudice where two defendants each received the summons that was addressed to the other defendant). "Where a summons contains a technical defect, but that defect does not prejudice the defendant, the error is harmless and does not warrant dismissal." Treadway v. River Region Med. Corp., No. 5:06-20, 2007 WL 43824 at *2 (S.D. Miss. Jan. 5, 2007). Therefore, the defendants' motion to dismiss is **DENIED** as to Cooper.[4]

---

[4] Though the complaint only clearly states claims under section 1983 and Title VII, it alludes to other possible claims under the Eighth and Fourteenth Amendments as well as a whistleblower claim for Caldwell. See Record

11

E.  Alternative Motion For A More Definitive Statement.

The defendants' motion alternatively requests, in the event that the court did not dismiss all of the plaintiffs' claims, that the plaintiffs be ordered to amend their complaint to provide a more definitive statement. See Record Document 9. The plaintiffs do not oppose this, and in fact have requested that they be allowed to amend their complaint. See Record Document 17. Therefore, the defendants' alternative motion for a more definitive statement is **GRANTED**, and the plaintiffs are hereby ordered to file a motion for leave to file an amended complaint within **15 calendar days** of this ruling.

### III. CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is **GRANTED** as to the plaintiffs' claims against Fila, Claypool, and Academic Recovery, and the plaintiffs' claims against these defendants are **DISMISSED WITHOUT PREJUDICE**. The defendants' motion to dismiss is **GRANTED** as to the plaintiffs' Title VII claims against Cooper, Ombudsman, and Educational Services, and those claims are **DISMISSED WITH PREJUDICE**. In all other respects, the defendants'

---

Document 1. Considering that the plaintiffs filed their complaint pro se and have subsequently obtained counsel, and the defendants failed to address any additional claims in their motion to dismiss, the defendants' motion to dismiss is **DENIED** as to any additional claims against Cooper, Ombudsman, and Educational Services.

motion to dismiss is **DENIED.** The defendants' alternative motion for a more definitive statement is **GRANTED**, and the plaintiffs are ordered to file a motion for leave to file an amended complaint within **15 calendar days** of this ruling.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 27th day of August, 2014.

_____
JUDGE TOM STAGG